## Will Pool, alias Wash George, v. The State.

### No. 3075.     Decided June 23, 1905.

#### 1.—Theft of Horse—Evidence—Hearsay.

On trial for theft of a horse it was error to permit a State's witness to testify to what he told the officers about the alleged stolen horse and buggy; and being most damaging criminative evidence against defendant was reversible error.

#### 2.—Same—Evidence—Opinion of Witness—Hearsay.

On a trial for horse theft the State's witness could describe the man and animal he saw as best he could, but should not have been permitted to give his opinion or belief that the man was defendant. Such testimony was hearsay.

#### 3.—Same—Evidence—Self Serving Testimony.

On a trial for horse theft the court correctly excluded the exculpatory statement of defendant after his arrest, that he had bought the property alleged to have been stolen in good faith; such testimony was self-serving.

#### 4.—Same—Bill of Exceptions—Qualifying Statement of Judge.

It is a well known rule that it is the duty of the trial judge to place such explanation to the bill of exceptions as the facts and testimony warrant, with the consent of defendant's counsel. In the event of want of such consent the judge prepares the bill, leaving counsel for defendant the right to prove up his bill. There is no law authorizing the appellate court to strike out the judge's explanation of a bill of exceptions.

Appeal from the District Court of Ellis. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of theft of a horse; penalty, five years imprisonment in the penitentiary.

The State's testimony showed that the buggy and mare had been driven to the town of Milford and were left behind a store building about 7 o'clock in the evening. When witness returned to get them, an hour and a half later, they were gone. Witness did not know who took them and they were taken without the consent of the owner or his

agent. The mare was seen about sixteen days afterwards in the city pound at Waxahachie. The buggy was found at a Mr. Hall's in Oak-cliff, Dallas County, Texas. It had been repainted and the top had been taken off since it had been stolen; but it was identified.

The defendant was seen about a day after the taking of the property about twenty or thirty steps from an old buggy off the road, in a ravine, surrounded by a clump of cedar trees. A mare was out near the public road, no one could see .the buggy from the road, this was near the residence of S. H. Hall, Dallas County, Texas. The defendant had a shotgun in his hand and walked off when the witnesses came up. The witnesses saw a buggy two days afterwards at Mr. Hall's but could not say it was the same one they saw in the ravine. The defendant was painting it. On the same night witness saw an animal and a man standing near the same, up the pike road, about three hundred and fifty yards from where the buggy was in the evening. Witnesses were looking for the stolen mare; they drove slowly up the road and got within fifteen or twenty steps of them. They saw the mare standing in the road to one side, and a man had ahold of the mare by the neck. It was a star-light night and witnesses could not tell positively, but from the size, shape, and build, and appearance, they were satisfied it was the mare they had seen down near the buggy that same evening. They could not swear as to the horse or man but believed it .was defendant and the stolen mare. Defendant lived at Hall's at the time. Hall testified that defendant boarded at his house and brought an old buggy to his house about two days after the alleged theft, which was afterwards reclaimed by the - owner and officers who came there and got it; that defendant took off the top of the buggy and painted the buggy and said that he had bought it from a party in Dallas; that he also brought some harness to the house which the owner of the buggy afterwards took. This with the facts stated in the opinion is a sufficient statement of the case.

*F. T. Spencer & E. P. Anderson,* for appellant.—On the question of statement of State's witness to officers: Nixon v. State, 31 Texas Crim. Rep., 205; Kelley v. State, 18 Texas Crim. App., 262; Conley v. State, 21 id., 495; Ivey. v. State, 43 Texas, 425.

On the question on opinion of witness: Jones v. State, 38 Texas Crim. Rep., 87; Moore v. Kenedy, 81 Texas, 144.

On the question of explanation made of possession of recently stolen property: York v. State, 17 Texas Crim. App., 441; Howell v. State, 16 id., 93; Sitterlee v. State, 13 id., 587; Perry v. State, 41 Texas, 483.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment fixed at confinement in the penitentiary for a term of five years.

Appellant's first bill of exceptions shows that the State's witness S. H. Hall was asked by State's counsel, if stolen property had not recently been taken from his house by search warrant. He answered, "yes." Then the attorney for the State asked him, if it was not a fact that he told the officers that Pool (defendant) brought said stolen property to his house, and witness answered "yes." And further there if he had not been subpœnaed as a witness in other cases against defendant; and he had answered he had only been subpœnaed as a witness against defendant in the examining trial in this case. This testimon was purely hearsay, and prejudicial to the rights of the defendant. If the witness knew that appellant brought certain property for which he was being then prosecuted to witness' house, he could testify to this fact, but what he told the officers about the same, was hearsay and criminative evidence of the most damaging character against defendant. The court erred in admitting this evidence.

Appellant's fourth bill shows that the State's witness Ray Thomas, testified that he went up the Pike in Oakcliff, Texas, to a point a few hundred yards distant from where they had seen the horse and buggy a few hours previous thereto, and saw standing in the pike an animal and a man standing in front and near the animal; that he did not go nearer the animal than fifteen or twenty yards, when they turned their buggy around and went back home. That the moon was not shining, and the night was dark; that they ould not tell the color of the animal, nor whether a mare or horse; nor whether it had a rope or anything on it. That he could not tell what kind of color of hat or clothing the man had on, nor whether he was a white man or a negro, and that he had seen thousands of men the size of defendant. After witness had stated that he could not swear that the man he saw was defendant, State's counsel asked witness, whom he thought it was; and he stated that from the size, shape, build and height, I believe it was the same mare I had seen that evening, and that the man was the defendant." The evidence shows that appellant stole the animal in Milford, Ellis County, and carried it to the city of Dallas; and that the defendant was seen in Dallas with the property and afterwards arrested. This testimony was hearsay. The witness could describe the man and animal he saw as best he could, but could not give his opinion or belief that the man was appellant. The same character of testimony was introduced through the witness Gilliam. In each instance the court committed error in admitting the testimony.

The seventh bill shows appellant asked the witness Kennedy on cross-examination: "If defendant made any statement to him with reference to the property alleged to have been stolen, as he was bringing defendant from Dallas to Ellis County?" The court sustained the exception to this question. The witness would have stated, that defendant said he had bought the buggy from a party over in the city of Dallas, and that he did not know anything about the mare. Appellant insists that the court ought to have permitted this testimony,

because it was a reasonable explanation by defendant as to how he came in possession of the buggy, and that it was the first opportunity defendant had had to make an explanation. This explanation is appended to this bill: "It was shown in evidence that defendant was arrested for the theft of the mare, and placed in the. Dallas County jail by the sheriff of Dallas County, and remained in said jail four or five days before he was brought to Ellis County, by deputy sheriff Kennedy, and made no statement to the sheriff of Dallas County, in regard to the possession of said mare or buggy. It was also shown that defendant evaded arrest by officers of Dallas County at the house of S. H. Hall, when he knew his rights to said horse and buggy were challenged, and did not go out to meet said officers, and state to them the character of his possession." Under the court's explanation this testimony was clearly self-serving and inadmissible, under the rule authorizing the introduction of explanation made of recently stolen property. Following the above qualification, this statement is appended to the bill: "As Judge Dillard was not sworn as a witness in this case, we respectfully ask that it be striken out—all except his approval and signature. J. T. Spencer; E. P. Anderson." It is a well known rule that it is the duty and province of the district judge, as in this instance, to place such explanation to the bill of exceptions as the facts and testimony warrant. However, this must be done with the consent of appellant's counsel. If counsel do not consent, that this be done, then the judge can prepare a bill stating the facts, leaving the appellant the right to prove up his bill, as he understands it, by bystanders. However, here it appears appellant's counsel took the bill with the judge's explanation and asks this court to strike out the explanation. There is no law authorizing this to be done.

Appellant also complains of the argument of counsel. We do not deem it necessary to review the bills presenting this matter, but restate, as we have many times done, that the argument should be strictly within the testimony adduced upon the trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*