### CHARLIE CHANDLER V. THE STATE.

No. 9774.　Delivered February 24, 1926.

1.—Possessing Intoxicating Liquor—Evidence—Search Warrant — Not Necessary.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, appellant's objection to all of the state's testimony on the ground that officers invaded appellant's home without a search warrant, presents no error, because the search and seizure law of the 39th Legislature had not gone into effect at the time of the trial, and a search warrant was not necessary.

2.—Same—Wife as Witness—Cross-Examination—Qualification of Court.

Where appellant complains of the cross-examination of his wife, because the state inquired into matters not brought out by him on his direct examination, and the court qualifies his bill, stating that the cross-examination was upon subjects and matters which appellant had brought out on her direct examination. Appellant having accepted the bill with this qualification is bound by it, and no error is presented.

3.—Same—Evidence—Refreshing Memory—Held, Proper.

Where it became a material issue as to the date when Dr. Cook treated the appellant last, and he was unable to recall the date from memory, there was no error in permitting witness to refresh his memory from his books, and to then testify to the date.

4.—Same—Evidence—Properly Admitted.

Where appellant testified in a case for possessing intoxicating liquor for the purpose of sale, that he had the whiskey for medicinal purposes,

and that he had never at any time sold whiskey, there was no error in permitting the state in rebuttal of this defense to prove by two witnesses that they had bought whiskey from appellant prior to the time of the alleged offense.

### 5.—Same—Evidence—Hearsay—Inadmissible.

Where appellant sought to prove by the foreman of the oil mill where he worked that he had never violated any of the rules of the company, by bringing whiskey to the mill, such testimony was properly excluded, as it could not in any way tend to prove that the appellant did not have whiskey for sale at his home, as contended by the state.

### 6.—Same—Argument of Counsel—Qualification of Court—Appellant Bound By.

Where a bill complaining of the argument of counsel for the state is qualified by the court with the statement that the argument was in reply to that of counsel for the appellant, no error is shown. This court has repeatedly held that when a bill is accepted with a qualification, without objection, that the appellant thereby impliedly admits the truthfulness of such qualification, and that this court is bound thereby. See Branch's Ann. P. C. Sec. 213.

### 7.—Same—Bill of Exception—Misconduct of Jury—Filed Too Late.

Where a bill of exception complaining of misconduct of the jury is filed after adjournment of the term, it comes too late, and cannot be considered on appeal. Finding no error in the record, the judgment is affirmed. See Armstrong v. State, 278 S. W. 435.

Appeal from the District Court of Fayette County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the state penitentiary.

The opinion states the case.

*John P. Ehlinger* of LaGrange, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was convicted in the District Court of Fayette County for unlawfully possessing intoxicating liquor, and his punishment assessed at two years in the penitentiary.

Briefly stated the facts show that the officers went to the premises of the appellant, a negro, and upon reaching the house, inquired of his wife where they could find him, to which she replied, in the back yard. The witnesses for the state testified that about that time they heard a crash, and ran around

the house to the back yard, and there saw the appellant going towards the front of the house and found a five-gallon jug broken, with whiskey on the ground. The officers testified that from the appearance of the ground there must have been about three gallons of whiskey in the jug at the time it was broken, and that they dipped up some of the whiskey, and it was produced upon the trial. They further testified that upon asking appellant why he broke the jug, that he laughed, and upon inquiry he told them that the jug was not quite full, and there were about three gallons in it at the time it was broken. The appellant's defense was that he had been working in a cotton-oil mill, and that he was using the whiskey for his health, and denied there being over a quart in the jug at the time he broke it. This is a sufficient statement of the facts for this opinion.

Appellant complains of the refusal of the court to exclude all the testimony of the state introduced in the case, because it was not shown that the officers at the time had a legal search warrant to search said premises. The state attempted to prove orally that the officers had a proper search warrant and what its contents were, and showed it had been misplaced on account of a change of justice of the peace since the issuing and filing of same. A sufficient answer to this contention is that at the time of the trial and the adjournment of the term of said court, the search and seizure law of the 39th Legislature had not gone into effect, and this contention made by the apellant could not apply to this case for that reason. Bailey Harrison v. State, No. 9711, delivered on Jan. 20, 1926, yet unreported.

It is also the contention of the appellant that the court erred in permitting the state on cross-examination of his wife, if we understand the bill, to interrogate her on matters that he contends had not been brought out from her by him in chief. The court's qualification to the bill states that the cross-examination was upon subjects and matters which the appellant had brought out and put in issue by his wife's testimony on direct examination. This bill as presented shows no error. Branch's P. C. Sec. 152.

In bill of exception No. 3 appellant complains of the action of the court in permitting the state to have Dr. Cook to refresh his memory from his books and to show, if he could, when was the last time he had treated the appellant or had seen him. Is is contended by the appellant that the State on cross-examination should not have been permitted to show

by this witness any visits made by him to appellant's family. The court's qualification to this bill shows that Dr. Cook, after testifying that he knew the conditions at the oil mill, and on former occasions had seen and treated the appellant, and that whiskey would be good for him after he had quit work, but could not tell the dates when he had visited appellant, stated he could tell from his books, then the court permitted the district attorney to have him bring his books and show the dates. The said qualification further shows no objection was made by the appellant to the physician's stating the visits made to appellant's wife and family, nor how to ascertain the visits made to the appellant. The qualification clearly shows that no error was committed by the court in this instance.

In bills 4 and 5 apellant complains of the action of the court in permitting the state to show by the witnesses Anderson and Wilkerson that they had purchased whiskey from the appellant prior to the time of the alleged offense in question. The court in qualifying said bills shows that defendant had offered testimony in the case to show that he had never at any time sold any whiskey to any one, and that he was keeping the whiskey in question for medicinal purposes, and this testimony when it was offered by the state to show other sales, was not objected to by the appellant, but at the instance of the appellant he gave his special charge No. 1 to the jury to the effect that they could not consider said testimony of said witnesses only as a circumstance tending to prove defendant's guilt, and for no other purposes. We think this testimony was clearly admissible for the purpose of rebutting the appellant's defense, and was a circumstance showing the appellant did not have the whiskey in question for medicinal purposes, but for sale. Atwood v. State, 96 Tex. Crim. Rep. 249; 257 S. W. 563; Todd v. State, 275 S. W. 1013.

Appellant complains in bill 6 of the action of the court in refusing to permit him to prove by the foreman of the oil mill that the appellant had never violated any of the rules of the company by bringing whiskey to the mill, and offered to prove practically the same facts by the witnesses Rosenberg and Granville. The court's qualification to this bill shows that the state objected to all of said testimony because it was not in rebuttal and was immaterial. We fail to see where the admission of such testimony could in any way tend to prove that the appellant did not have for sale the whiskey at his home, as contended by the state.

Complaint is made by appellant in bill of exception No. 7 to the argument of the district attorney in his closing argument to the jury. The court in qualifying said bill shows that said argument was in reply to the argument made by counsel for the apellant, and the bill as qualified shows no error. This court has repeatedly held that when a bill is accepted with a qualification attached thereto, without objection, that the appellant thereby impliedly admits the truthfulness of such qualifications made by the trial court, and that this court is bound thereby. Branch's Ann. P. C. Sec. 215.

In bill No. 8 complaint is made to the conduct of the jury while considering their verdict. This bill shows that same was not presented and filed until after the adjournment of court which prevents us from considering the matters therein complained of. Atwood v. State, 96 Tex. Crim. Rep. 249; Armstrong v. State, 278 S. W., 435.

After carefully examining the entire record, and finding no error in the trial of the case, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.