## PETE CHESTER V. THE STATE.

### No. 11157.   Delivered November 23, 1927.

**1.—Murder—Evidence—Of Collateral Offenses—Improperly Admitted.**

Where appellant was on trial charged with the killing of a police officer it was error to permit the state to prove that some thirty minutes to an hour prior to the killing of the officer, and some thirty or forty blocks distant therefrom, the appellant drew a pistol upon state witness Lucille Williams, told her he would blow her brains out, and that he had a pistol in his hand, and that witness supposed he was going to shoot her with it. This testimony was not res gestae, shed no light on, and was in no way connected with, the main transaction and was erroneously admitted.

**2.—Same—Evidence—Of Collateral Offenses—Rule Stated.**

The rule as to admissibility of proof of collateral offenses is set forth in Underhill on Crim. Ev., Sec. 152, pp. 196-197-198-199, as follows:

"In order that a collateral crime may be relevant as evidence, it must be connected with the crime under investigation as part of a general and composite transaction. If from remoteness in point of time or from distance in point of place, or by reason of intervening circumstances of whatever nature the court can see there is no necessary connection between the two crimes, evidence of the independent and disconnected crime should be rejected. Also see Pace v. State, 58 Tex. Crim. Rep. 90, and other cases cited."

Distinguishing Clay v. State, 40 Tex. Crim. Rep. 593, and McLinn v. State, 48 Tex. Crim. Rep. 551.

**3.—Same—Statement of Accused—Under Arrest—Erroneously Admitted.**

While it is admissible to prove that an accused resisted arrest by proof of contemporaneous conduct or admissions, but for same to be admissible as an incriminating fact it should be shown that the accused knew or should have known that an attempt was being made to arrest him. It was error to prove that when arrested appellant stated to the officer, "Keep your g— d— hands off me," because the statement was made while under arrest.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for murder, penalty assessed at death.

The opinion states the case.

*Mathis, Teague & Mathis* of Houston, for appellant. On proof of collateral crimes the appellant cites: Woodward v. State, 51 S. W. 1122; Pace v. State, 124 S. W. 853; Haney v. State, 122 S. W. 34; Hout v. State, 122 S. W. 34; Pace v. State, 124 S. W. 951; Hunt v. State, 60 S. W. 80; Brown v. State, 112 S. W. 80; Owen v. State, 125 S. W. 407; Marshall v. State, 22 S. W. 878; Nixon v. State, 20 S. W. 364; Nunn v. State, 101 S. W. 321; Parker v. State, 75 S. W. 31.

*Horace Soule,* District Attorney, *W. J. Barnes,* Assistant District Attorney of Harris County, and *A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense murder, punishment death. Appellant, a negro, with other members of his race, went to a restaurant some time after 12 o'clock at night in the City of Houston to eat. Shortly after their arrival appellant went on the outside and in a short time a shot was heard and deceased, a police officer, was found nearby with a bullet hole through his head. His billet and his gun were on the sidewalk near the body. The evidence of the appellant showed that the police officer accosted him, asking him if he hadn't come out of a gambling house nearby. Upon receiving a negative reply the officer, after a few more words, attacked him with his billet and knocked him down several times and finally drew his pistol, whereupon appellant shot the deceased. There were no eye-witnesses to the killing. Several parties, however, were near the scene and some of these testified. None of these, however, it seems knew any of the facts immediately preceding the homicide nor the cause of it. The only testimony with reference to this phase of the matter came from the appellant himself.

Complaint is made of the introduction in evidence by the state of the statements of one Lucile Williams, to the effect that at the Fisher house thirty to forty blocks distant from the scene of the homicide and from thirty minutes to an hour prior to its occurrence, the appellant drew a pistol on her, the said Lucile Williams, told her he would blow her brains out, that he then had a pistol in his hand, that witness supposed he was going to shoot her with it and that he had it drawn on her and she backed out of the room. Various objections were made to this, among which were that it was proof of a separate and distinct

offense from the one on trial, not part of the res gestae, that no legal accusation had been lodged against appellant for this offense, that deceased was in no manner connected with said transactions, and it was highly prejudicial. It was admitted apparently upon the theory that it showed the state of mind of defendant at the time of the difficulty and illustrated why deceased was trying to arrest appellant. The point presented has been the subject of much discussion by appellate courts in its varied phases. Mr. Underhill, in his usual clear and lucid manner, has stated the general rule applicable to such a question in the following language:

"In order that a collateral crime may be relevant as evidence it must be connected with the crime under investigation as part of a general and composite transaction. If from remoteness in point of time or from distance in point of place or by reason of intervening circumstances of whatever nature, the court can see there is no necessary connection between the two crimes, evidence of the independent and disconnected crime should be rejected." * * *

"The movements of the accused within a reasonable period prior to the instant of the crime are always relevant to show that he was making preparation to commit it. Hence, on the trial for homicide it is, when necessary, permissible to prove that accused killed another person during the time he was preparing for or in the act of committing the homicide for which he was on trial." * * *

"Thus on trial for homicide it may be shown that accused shot and killed the owner of the premises he was breaking into, though such proof shows or tends to show the accused was guilty of the crime of burglary. *The connection must appear from the evidence.* Whether any connection exists is a judicial question. If the court does not clearly perceive it, the accused should be given the benefit of the doubt and the evidence should be rejected." Underhill on Crim. Evidence, Sec. 152, pp. 196-197-198-199.

See also Pace v. State, 58 Tex. Crim. Rep. 90; Day v. State, 62 Tex. Crim. Rep. 448; Brown v. State, 54 Tex. Crim. Rep. 121; Ware v. State, 36 Tex. Crim. Rep. 597; Banks v. State, 167 S. W. (Mo.) 505; Woodward v. State, 51 S. W. 1122; Dimry v. State, 53 S. W. 853.

Measured by the above rule, we think this testimony clearly inadmissible. In the cases of Clay v. State, 40 Tex. Crim. Rep. 593, and McLinn v. State, 48 Tex. Crim. Rep. 551, relied on by the state, there was close proximity of both time and place

between the acts proven and the offense. In this case there was neither. After the above transaction happened, which Lucile William admits occurred while she was threatening appellant's friend with a butcher knife, the appellant with three friends soon left to take one of the women present to her home. They decided to go to a colored restaurant for a lunch, and did go there, some thirty or forty blocks away, where the homicide took place, being some thirty to forty minutes later. There is no testimony that appellant in traveling there or while there exhibited a reckless disposition or malicious state of mind. Nor is there any evidence that the transaction at the Fisher house was ever reported to the officers or was known or could have been known to the deceased. Witnesses were available who should have known this fact, if it had been a fact. The appellant and deceased apparently were total strangers, and if deceased knew or had ever heard of appellant prior to the killing, the record fails to show it. The attack of appellant on Lucile Williams and the killing of deceased were wholly unrelated matters. They were in no sense composite parts of one transaction. It showed neither malice nor ill will toward deceased, nor toward any class, crowd, or group of which he was a member. It comes under none of the exceptions to the well recognized rule making inadmissible extraneous transactions and offenses. We are unable to say it was not prejudicial.

Further complaint is made of the admission of the following statement of appellant: "Keep your g— d— hands off me." This was made to the officer the morning following the killing when the officer approached appellant and put his hands on him to search him. The bill is somewhat indefinite as to whether or not appellant knew at the time he made the statement that the party was attempting to arrest him or that he was an officer. It is admissible to prove that an accused resisted arrest by proof of contemporaneous admissions or conduct, but for the same to be admissible as an incriminating fact it should be affirmatively shown that the accused knew or should have known that an attempt was being made to arrest him. We think the testimony was admissible as against the objection that he was at the time under arrest but it may have been inadmissible for the reason before indicated.

For the error first above discussed, the judgment is reversed and the cause remanded.  *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.