TOGO RAY v. THE STATE.

No. 13233. Delivered May 7, 1930.
Rehearing denied June 11, 1930.
Reported in 28 S. W. (2d) 1084.

The opinion states the case.

*Letcher D. King* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, robbery with firearms; penalty, fifteen years in the penitentiary.

The State's testimony shows that appellant and another went into the place of business of the First State Bank of Ovalo and there at the point of a pistol took from the vaults of said bank $3880.00 in money. The evidence sufficiently identifies appellant as one of the men who robbed the bank.

Appellant's confession was introduced in evidence and its alleged inadmissibility presents the only legal question found in the record. The body of this confession was introduced without reading to the jury that part of same containing the statutory warning given appellant. The substance of the objection is that such confession was inadmissible because it did not recite a legal warning. Appellant's bill presenting this matter is qualified by the trial judge with this language: "The original statement contained what the court construed as a proper warning, under the law in such cases. The State offered the Statement but the warning contained what the court construed as a proper warning, under the law in such cases. The State offered the Statement but the warning contained on the same was not read in evidence to the jury." No exception or objection was made to this qualification nor was the written warning thus shown to appear as part of the written statement brought up, so that this Court might determine its legal sufficiency. The rule, supported by a great number of authorities, is thus stated in 4 Tex. Jur., Sec. 194:

If appellant accepts and files a bill with a qualification he is bound by the qualification, which will not only be accepted by the appellate court as correct, but will also control in so far as it is in conflict with the bill as prepared by the appellant's counsel. Moreover, the appellate court will presume that qualifications in a duly certified bill were made with the consent of the accused or his counsel un-

less the contrary appears over the certificate of the trial judge, and it will accept as correct qualifications to which no objections are filed or no exception taken, in the court below, or to which objection or exception is not verified by the trial court, and will not consult the statement of facts or other parts of the record to verify the statements therein."

Since we must presume that the Court's qualification was made with the consent of the accused, we are of the opinion that this bill of exception shows no error. The legal sufficiency of the warning in question was a matter for the determination of the Court and under the issues of this case it was not necessary to read same to the jury. If the appellant desired to contest the trial court's construction of same, its language should have been embodied in and brought up in a proper bill of exception.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In response to appellant's motion we have again examined this record. The only exception appearing therein was taken to the admission of appellant's written confession. If the record exhibited facts which established as true the alleged grounds of objections to the confession, such confession would be held inadmissible by us, but the rule is beyond doubt as stated in the original opinion, viz.: that unless there be some certificate of the truth of the grounds of objection made, we will have to hold the action of the trial court correct in his ruling.

From the qualification appended to said bill of exception we are informed that there was a written warning "on the same," referring to the written confession which was examined by the court below and by him construed as being in compliance with the statute. We are clearly bound by the qualification. When the State offered that part of said confession which appears in the statement of facts, all of the said document was perforce before the court and accessible to appellant and his counsel, and if said writing contained no sort of written statement purporting to be a warning, appellant could with apparent ease have made objection to the introduction of same

upon this ground, and could have had such ground verified, in which event our duty to reverse would have been plain under the statute; but neither side having offered the purported warning which was on the written confession, or shown that same contained no warning we are compelled to take what was said by the trial court as true. We find nothing in the authorities cited holding to the contrary.

The motion for rehearing is overruled.

*Overruled.*