CARL MADDOX v. THE STATE.

No. 19625. Delivered April 6, 1938.

The opinion states the case.

*C. F. Stevens* and *Dick Young*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment in substance that appellant, with malice aforethought, killed James W. Turner by cutting and stabbing him with a knife.

Appellant worked at George's Hamburger Stand in the city of Houston. He had known Norma Tappen for some time and apparently was in love with her. About 3 A. M. August 30, 1936, deceased and Miss Tappen, accompanied by other couples, drove

to the hamburger stand and ordered soda water. Upon seeing the deceased with Miss Tappen appellant went to the kitchen and procured a knife. Returning to the car in which the couples were seated, he made a remark to the deceased, which the witnesses were unable to understand. At this juncture, deceased left the car and engaged in a fist fight with appellant. During the progress of the fight appellant stabbed deceased in the abdomen. Companions of deceased immediately carried him to a hospital where he died a few hours later. The State introduced in evidence appellant's confession which, omitting the formal parts, reads as follows:

"About 2 A. M., Sunday morning, August 30, 1936, I cut and stabbed Jimmie Turner, a boy, with the knife shown me in the Homicide Office by Captain Peyton. At the time of this stabbing I was working extra at George's Hamburger Stand No. 7 at North Main and Quitman Street. Jimmie Turner and two other boys and three girls, Norma Tappen, Louise Kemp and Beulah Mae Sutton, came to the hamburger stand in a car. One of the girls working at the hamburger stand went out and took their order for hamburgers. I had known Jimmie Turner only a few days but I didn't like him being with Norma Tappen. I took some beer bottles out to the back and saw them (Jimmie Turner and Norma Tappen) in the car together; they were sitting in the car at the time eating hamburgers. Norma Tappen spoke to me and I spoke back, and after we spoke Jimmie Turner started to making a noise with his mouth and that made me mad. I went in the kitchen. Jimmie Turner and I could see each other through the window. I asked Jimmie Turner if he was making that noise at me and he said 'Yes.' That made me mad. I put my knife in my belt and went out towards the car. Jimmie Turner got out of the car as I approached and I hit him with my fists. I hit the first lick and we clinched and I cut him with the knife. Jimmie Turner did not have any kind of a weapon that I knew of when I cut him. When I put the knife in my belt and started out of the kitchen towards the car I intended to stab the boy with the knife. This all happened here in Harris County, Texas. I bought this knife about a month before this cutting at the Western Auto Store."

Testifying in his own behalf, appellant repudiated his confession and declared that he acted in self-defense at the time he inflicted the fatal wound. It was his version that deceased was preparing to attack him with a knife and that he cut the deceased, with no intent to kill him but only in an effort to stop him.

It is shown in two bills of exception that the State proved, over appellant's objection, that two or three hours before the homicide appellant had attacked two other parties with a knife. Proof of these acts on the part of appellant does not appear to have shed any light on the transaction which resulted in the death of the deceased. It was within none of the exceptions to the rule inhibiting proof of extraneous offenses, and merely tended to show that appellant was a criminal generally. Hence we are constrained to hold that the bills of exception reflect reversible error. Lawrence v. State, 82 S. W. (2d) 647.

Several bills of exception relate to the action of the court in permitting the district attorney to elicit from appellant on cross-examination that he had been previously convicted of a felony and awarded a suspended sentence. It appears from the bills that prior to the time appellant testified the suspended sentence had been properly set aside and the cause dismissed from the docket. The fact of the dismissal had been properly brought to the attention of the trial judge, with the request that the district attorney be admonished not to ask appellant concerning said previous conviction. The court overruled the motion, and, over his proper objection, appellant was thereafter required to testify to the fact of said former conviction.

Article 780, C. C. P., reads as follows:

"In any case of suspended sentence, at any time after the expiration of the time assessed as punishment by the jury, the defendant may make his written sworn motion for a new trial and dismissal of such case, stating therein that since such former trial and conviction he has not been convicted of any felony, which motion shall be heard by the court during the first term time after same is filed. If it appears to the court, upon such hearing, that the defendant has not been convicted of any other felony, the court shall enter an order reciting the fact, and shall grant the defendant a new trial and shall then dismiss said cause. After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law."

It is observed that under the terms of said article the fact of a conviction, followed by a suspended sentence, may not be shown or inquired into for any purpose after the setting aside and dismissal of the judgment of conviction, except in cases where the accused has been again indicted for a felony and invokes the benefit of the Suspended Sentence Law. In the present

instance it was affirmatively shown that the judgment had been set aside and the cause dismissed in accordance with the provisions of said article. See Herrin v. State, 262 S. W. 486. It follows that the trial court should have sustained the appellant's motion. In making the inquiry counsel for the State wrongfully elicited from the appellant testimony which was calculated to impeach him. Manifestly the bills of exception reflect reversible error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.