## VINCENT FRANCIS TONNAN V. STATE

No. 33,296.  June 14, 1961
Rehearing Denied October 18, 1961
Third Motion for Rehearing Overruled January 3, 1962

*John J. Pichinson* and *Wm. Brode Mobley, Jr.*, Corpus Christi, for appellant.

*Harold Vittitoe*, County Attorney, Falfurrias, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Border patrolman Wright testified that on the night in question he observed a station wagon pass his patrol station without heeding the stop sign, proceed some 50 or 75 yards farther down the road, apply its brakes and almost collide with the back end of a truck; that after coming to a halt the station wagon began to back up, nearly running over his partner Helms; that he stepped up to the vehicle, and that appellant, who was the driver, got out and spoke to him. He stated that appellant smelled of intoxicating beverages, was unsteady on his feet, spoke with a thick tongue, and inquired of him, "Don't you think I am doing pretty good?" He testified that appellant's explanation was that he had "topped that hill right there" and had come upon the truck when, in fact, there was no hill in the vicinity; that he expressed the opinion that appellant was intoxicated and in no condition to drive, took his automobile keys from him and instructed him to wait, and that he sent word for the highway patrol to come for appellant.

Helms testified to substantially the same state of facts as had Wright. He said that appellant had quite a bit of trouble forming his words, that his eyes were red, that he staggered, and that he remained there at the station for approximately 45 minutes until the highway patrol arrived.

Highway patrolman Brothers testified that when he arrived at the border patrol station he asked appellant if he had been drinking and appellant said that he had had a few beers; he noticed that appellant was unsteady on his feet and informed him that he was placing him under arrest for driving while intoxicated. He further testified that he took appellant to the Brooks County Hospital at Falfurrias, where, with appellant's consent, nurse Hale took a sample of his blood which was placed in a vial and which he, in turn, placed in a container together with a submission form bearing appellant's name and description, his (the witness's) signature, and the date of the offense, all of which were mailed to the Department of Public Safety laboratory at Corpus Christi.

Chemist and toxicologist Bickham of said laboratory testified that he received the container with the vial and the submission form bearing appellant's name and description and Brothers' signature; that he conducted an examination of the contents of the vial and found the blood to contain .25 per cent alcohol, which, according to standards of the American Medical Associa-

tion and the National Safety Council was indicative of intoxication.

Appellant, testifying in his own behalf, stated that he and his wife started out on the morning in question to go bird hunting, carrying a case of beer with them in the automobile; that during the course of the afternoon and early evening he drank "six or seven cans" of beer until he was stopped by the border patrol; that they required him to wait at the station for more than an hour, and that during that time of waiting he drank four more cans of beer. He denied that he was intoxicated at the time he was stopped, but admitted that he was somewhat under the influence by the time the highway patrol arrived.

His wife corroborated his testimony.

The two border patrolmen testified that they did not see appellant drink anything while waiting for the highway patrol and stated that they saw only one can of beer in the station wagon.

It is contended by brief and in argument that the trial court certified error in bill of exception No. 1 in which it is recited that he erred in overruling appellant's objection to the admissibility of the results of the blood test because proper custody had not been shown and that therefore the evidence was insufficient to convict. Appellant overlooks the recent holdings of this Court in Free v. State, 165 Tex. Cr. Rep. 374, 307 S.W. 2d 808, Bowles v. State, 168 Tex. Cr. Rep. 241, 324 S.W. 2d 841, and the cases therein cited, that, where this Court has the entire matter before us, we will not be bound by a trial court's certificate of error. The only discrepancy in the chain of custody to which our attention has been called is the fact that the submission form which accompanied the vial showed the date of the offense but not the date when the test was taken and the container itself bore a postmark which resembled the word "allen" whereas the patrolman testified that he mailed the same at Falfurrias. We have concluded that these two omissions and discrepancies, in view of the other undisputed facts, would not render the chain of custody incomplete.

Bill of exception No. 2 relates to the court's charge and reflects on its face that no objections were leveled to the charge. The charge as given was taken from the records of this Court

in Atkinson v. State, 157 Tex. Cr. Rep. 556, 251 S.W. 2d 401, and is set forth in 2 Branch's Ann. P. C. Sec. 1495.1, p. 501. For the reasons set forth above, we refuse to be bound by the court's certificate of error in such respect.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

### ON APPELLANT'S SECOND MOTION FOR REHEARING

WOODLEY, Presiding Judge.

The statement of facts filed herein, being a photostat of a purported statement of facts, including a photostat of purported signatures, does not comply with Art. 759a V.A.C.C.P., and should not have been considered.

We are not impressed with the contention that Bill of Exception No. 1 certifies error requiring reversal. The bill relates to the blood sample tested by a chemist and the testimony as to its alcohol content. It certifies that the defendant "objected and excepted to the introduction of a vial *containing the blood of the defendant.*"

Appellant's second motion for rehearing is overruled.