**Leo DAMARIS, Appellant,**

v.

**The STATE of Texas, Appellee.**
**No. 34883.**

Court of Criminal Appeals of Texas.

Nov. 14, 1962.

Rehearing Denied Jan. 9, 1963.

James S. McGrath, Walter M. Sekaly, Joe B. Goodwin, Beaumont (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, W. C. Lindsey, Dist. Atty., and Ken Parker, Asst. Dist. Atty., Beaumont, for the State.

WOODLEY, Presiding Judge.

The appeal is from a conviction for knowingly using or permitting the use of property for book making (Art. 652a, Sec. 4, Vernon's Ann.P.C.); the punishment, one year in the penitentiary.

Section 7 of Art. 652a provides "that any party to a transaction prohibited by this Act may be required to furnish evidence and testify, but after so testifying such person shall be exempt from prosecution with reference to any transaction about which he is required to furnish evidence."

Appellant's formal Bill of Exception No. 1, filed with the clerk of the trial court within the time provided in Art. 760d, Vernon's Ann.C.C.P., is before us, the trial court not having refused to approve it within the time allowed by said Art. 760d, V.A. C.C.P.

Bill of Exception No. 1 certifies that evidence was presented which proved all of the allegations of appellant's Plea in Bar, which Plea alleged that in a cause styled The State of Texas versus Certain Gambling Paraphernalia, appellant "was required to furnish evidence and testify with reference to the identical transaction upon which the present indictment in this cause is predicated; that this testimony was required by the court after the defendant had respectfully refused to answer and claimed his right to refuse to testify on the grounds that an answer to the questions may tend to incriminate him."

Under the facts certified in said bill of exception the appellant showed himself exempt from prosecution for violation of Sec. 4 of Art. 652a, V.A.P.C., under the terms of Section 7 of said statute.

In Dodson v. State, 89 Tex.Cr.R. 541, 232 S.W. 836, in construing what is now Art. 639, P.C., a part of the gaming law, this Court said:

"It reflects the judgment and declaration of the legislative branch of the government that in the suppression of the gambling vice it was deemed expedient to require participants to give evidence and to extend to them immu-

nity. The option of callling one who has engaged in gambling to testify is with the prosecuting officers, but, having exercised the option and secured the testimony by the means provided by the statute, the law operates to make those complying with it immune."

In Griffin v. State, 43 Tex.Cr.R. 428, 66 S.W. 782, this Court, relying upon what is now Art. 639 P.C., held that the defendant should have been allowed to offer proof that he had been summoned and had testified before the grand jury regarding the transaction upon which his prosecution was based. This language used by Judge Davidson in Griffin v. State is appropriate here:

"If the testimony of one of the participants is used by any of these tribunals, courts, or officers in behalf of the state, it exonerates the witness whose testimony is used by virtue of the terms of the statute. Nor does it make any difference at what state of the investigation or trial the evidence of the participant is used."

For the reasons stated, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING

DICE, Commissioner.

 The state insists that Bill of Exception No. 1 to the court's action in overruling appellant's plea in bar should not be considered because the trial court's attention was never called by the clerk to the filing of the bill, as provided by Art. 760d, V.A.C.C.P.

In construing Art. 760d, supra, it has been the holding of this court that where a bill of exception is filed with the clerk of the court within ninety days after the date notice of appeal is given and no action is taken by the court on the bill within one hundred days after notice of appeal is given the bill must be considered approved by the court. Wortham v. State, Tex.Cr.App., 333

S.W.2d 158, and Lair v. State, Tex.Cr.App., 333 S.W.2d 389.

Recently, in Mansell v. State, Tex.Cr.App., 364 S.W.2d 391, we pointed out that in passing upon bills of exception filed under Art. 760d, supra, and refused by the court after the time allowed by statute had expired, we have consistently declined to consider the failure of the clerk to notify the judge of the filing of such bills, and have considered the bills as filed and approved.

We observe that if, as the state contends, the bill of exception does not reflect the true facts, the judgment of this court would not be binding in the cause on the issue upon another trial showing different facts.

The motion for rehearing is overruled.

Opinion approved by the Court.