George **DILLARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41634.

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

Pena, McDonald & Gutierrez, by L. Aron Pena, Edinberg, for appellant.

Oscar B. McInnis, Dist. Atty., Allyn Zollicoffer, Asst. Dist. Atty., Edinberg, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is aggravated assault; the punishment, a fine of $200.00 and 90 days in jail.

Appellant's first three grounds of error relate to the sufficiency of the evidence.

■ Officer W. E. Hughes of the Mission police force testified that on the night in question at about 1:17 A.M. he was on duty, patrolling the streets of Mission in a car (identified by Sgt. Zamora of the Mission police as a police car), that he saw appellant approaching in his car at a high rate of speed, that he drove his patrol car into a parking lot, that appellant made a U-turn and drove his car into the same parking lot, that both he and appellant left their cars, that he asked appellant "What's wrong with you?", and that appellant then kicked him in the groin and hit him twice on the head. He further testified that when appellant finally left the scene, he cursed and threatened both Officer Hughes and Sgt. Zamora who had by that time arrived at the scene in response to Officer Hughes' radio call for assistance.

Sgt. Zamora testified that he was only one block away from Officer Hughes at the time he received Officer Hughes' radio call, that he entered the parking lot shortly after Officer Hughes and appellant, that upon entering he saw appellant swinging at Officer Hughes, that appellant left shortly thereafter, cursing and threatening both officers.

The evidence is sufficient to sustain the conviction.

■ Appellant's fourth ground of error arises out of the following colloquy:

"Q. (By the prosecutor) All right, did anything else happen before you turned into the parking lot?

A. (By Officer Hughes) Yes, I recognized the defendant and I had called Sgt. Leon Zamora who was close by that I thought we might have trouble, to come down.

Q. And how did you call?

A. On the radio, regular police radio.

Q. And why did you make this call to him?

A. Well, we have had trouble. * * *

(Appellant's counsel): Your honor, we object. * * *"

The witness' answer was not completed because of appellant's objection, which was sustained; that the court responded to appellant's only request that the jury be instructed to disregard the statement of Officer Hughes. The refusal to grant a mistrial, in light of the record and in the absence of a request for the same, was not reversible error. Jenkins v. State, 435 S.W.2d 505 (delivered November 27, 1968), and Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716; see also the cases collated at 13A Tex.Dig., Criminal Law, ☞1170½ (3).

■ Appellant next complains that the State was permitted to show that appellant had committed extraneous offenses. Specifically, complaint is made of Officer Hughes' testimony that appellant operated a car at a high rate of speed, made an improper U-turn, used abusive language and was drunk. These acts, along with the act for which appellant was convicted, all occurred within minutes of each other and constituted one continuous transaction, and as such were admissible. Porter v. State, 80 Tex.Cr.R. 240, 190 S.W. 159, and Woodward v. State, 58 Tex.Cr.R. 412, 126 S.W. 271.

■ Appellant's last ground of error is that the trial court failed to submit to the jury a form of verdict which provided for the probation of any fine which the jury might impose as punishment. Appellant did not object to that portion of the court's charge which contained the forms of ver-

dict, and therefore the alleged error is not before us. Tonnan v. State, 171 Tex.Cr.R. 570, 352 S.W.2d 272.

Finding no reversible error, the judgment of the trial court is affirmed.