John **LASSERE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42956.

Court of Criminal Appeals of Texas.

July 8, 1970.

Rehearing Denied Oct. 14, 1970.

82

Jack A. Efron, San Antonio (court appointed on appeal only), for appellant.

Ted Butler, Dist. Atty., Preston H. Dial, Jr., and John L. Quinlan, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for statutory rape of a fourteen-year-old girl; the punishment, forty years.

The record reflects that a group of mostly teenagers was having a beer and marihuana party in a wooded area off Babcock Road in San Antonio when the rape occurred. According to the testimony of Leslie Ann Perry, the appellant had indicated a desire to have sexual intercourse with the prosecutrix and had asked the Perry girl to start a fight with and take the clothes off the prosecutrix. While the group was at the party or picnic, appellant saw the prosecutrix walk by and nudged Leslie Ann Perry who then proceeded to start the fight, and with the assistance of another girl, took the clothes off as planned. The prosecutrix then ran away from the group; the appellant chased her and had intercourse with her.

The prosecutrix testified that she was fourteen years of age at the time of the offense. After the two girls had removed her clothing, she ran away but appellant chased her, held her wrist and forcibly had intercourse against her will. She cried and begged for help that did not come.

After appellant had finished, he told the others it was their turn and for them to help themselves and some six others did so while four held her arms and legs.

In the first ground of error, complaint is made that reversible error was committed when it was proved that appellant was married. The witness Leslie Ann Perry was asked if appellant was married, and she answered that he was. She then was asked if he was married to the prosecutrix and she answered that he was not. No objection was made to the questions.

Generally, the State should not prove that a defendant in a rape case is married. Under the circumstances of this case, no reversible error would be presented had an objection been made and overruled, because the same evidence was properly before the jury when Leslie Ann Perry had testified earlier that when appellant had told her that he wanted to have intercourse with the prosecutrix Leslie Ann said to him that he had a wife and asked why he did not go to her.

"It is the general rule that the admission of improper evidence does not constitute reversible error if the same facts were proved by other and proper testimony." 1 Branch's Ann.P.C.2d, Sec. 119, p. 135; Scanlin v. State, 165 Tex.Cr.R. 183, 305 S.W.2d 357.

In Bundren v. State, Tex.Cr.App., 211 S.W.2d 197, this Court held that the receipt in evidence of the fact that the prosecutrix in a rape case was the mother of two children was not error where proof of the same fact was before the jury wtihout objection.

Complaint is made in the second ground of error that counsel did not competently represent appellant during the trial.

It is first contended that trial counsel was incompetent, because he did not object to the testimony that appellant was married. As already noted, such testimony was properly before the jury. Further, it is urged that it was probable that an instructed verdict would have been granted

had his marital status not been proved. Such testimony did not tend to prove his guilt nor would the lack of such proof establish his innocence. The prosecutrix testified that appellant raped her, and the witness Perry testified that she saw the act of intercourse.

Appellant had counsel of his choice, and this record does not show that he was incompetent or rendered ineffective assistance during the trial.

The second ground of error is overruled.

It is contended in the third ground of error that the prosecutors suppressed evidence.

■ Counsel on appeal, who was appointed after the trial, was evidently permitted to look through the State's file and found a letter from a doctor which showed that he had examined the prosecutrix a week after the assault, and he wrote, "[A]t the time of the examination, there was no evidence of bruising at the opening of the vagina and no abnormalities of the pelvic organs were found."

One of the prosecutors testified at the motion for new trial that he did not give appellant's trial counsel a copy of the letter and did not know if counsel knew about the information in the letter.

Appellant's counsel on appeal did not call trial counsel as a witness at the motion for new trial, and there is no showing that trial counsel did not know of the letter or of the examination of the prosecutrix by the doctor.

No suppression of evidence is shown; the third ground of error is overruled.

■ In the fourth ground of error, complaint is made that the trial court erred in admitting evidence that appellant smoked marihuana from an hour to approximately five minutes before the attack.

"All of the facts and circumstances surrounding the commission of the offense on the occasion in question are admissible and may be considered by the jury not only on the question of guilt, but in determining the punishment to be assessed." 1 Branch's Ann.P.C.2d, Sec. 1962. See Dillard v. State, Tex.Cr.App., 434 S. W.2d 126.

The evidence was admissible; no error is shown.

The judgment is affirmed.