FREDDIE LEE BRAXTON V. STATE

No. 29,286. November 20, 1957.

*John E. Cahoon,* Houston, for appellant.

*Dan Walton,* District Attorney, *Benjamin Woodall, Charles C. Castles* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, ten years.

The three principal actors in this homicide were Dee Manager, the appellant, and the deceased. Dee was the uncle of the deceased. All the witnesses for the state and for the defense (the appellant did not testify) put the parties in the same positions and attribute practically the same words to them prior to the shooting. The only material conflict lies in whether or not the deceased, who was admittedly armed, had drawn his pistol at the time he was killed. The state's witness testified that the deceased had his hand in his pocket immediately prior to the shooting and that after he fell a pistol was removed from his pocket, while the appellant's witness testified that the deceased had his pistol in his hand and was pointing it at the appellant as he advanced toward him.

The court, under an appropriate charge on self defense, submitted this conflict in the evidence to the jury, who decided the same adversely to the appellant, and we find the evidence sufficient to support their verdict.

The evidence will be elaborated on more fully in connection with our discussion of the alleged error in the trial court's ruling advanced in the appellant's able brief and argument.

Both the state and the appellant cite the rule in homicide

cases as set forth in 22 Texas Jurisprudence, section 190, page 767, which is as follows:

"A previous difficulty between the defendant and a third person may be proved if it led up to the killing, or involved the deceased in any way, or tends to reveal the defendant's motive or state of mind. But if the difficulty was in no way connected with the homicide, evidence of it is inadmissible."

The parties differ only in its application to the case at bar.

The homicide occurred at approximately 10:30 P.M. in a section of the city of Houston wherein beer drinking establishments appeared to predominate. Trouble seemed to be brewing between Dee Manager and the appellant during the later part of the afternoon and early evening, during which time the appellant assaulted Dee with a pistol and in this assault Dee was able to secure possession of the pistol, only to learn that the appellant was armed with still another pistol. The appellant demanded the return of his first pistol, but Dee refused. A third person interceded and peacefully secured the second pistol from the possession of the appellant, and the appellant went home. Dee, however, refused to surrender the pistol which he had gotten, and later in the evening gave it to the deceased, told him of his trouble with the appellant, and instructed the deceased to take the pistol home and promised to retrieve it the following morning and return it to the appellant. In the meantime, appellant's wife recovered her husband's second pistol from the third party.

Sometime thereafter, Dee and the appellant were instructed to leave the beer establishment by its owner and, as they departed, were followed by the deceased. As Dee and the appellant were walking away from the establishment together, the deceased approached them from the rear and said, "Whatever you do to my uncle you will have to do to me," or "Black Boy (the appellant) why don't you go home and forget about this. Because if anybody do anything to my uncle (Dee) they will have to do it to me," or "Look out. Somebody messing with my uncle. Somebody going to get hurt," according to the several different witnesses. It was then that the appellant turned and shot the deceased, two bullets taking effect, one of them fatally.

It is upon the admission of this evidence concerning Dee and the appellant's troubles prior to the shooting that the appellant predicates his claim for a reversal. He relies, among other cases,

upon Maddox v. State, 134 Texas Cr. Rep. 289, 115 S.W. 2d 644. In that case, the state was permitted to prove that two or three hours before the homicide the appellant had attacked two other parties with a knife. This court found that these other acts did not shed any light upon the homicide then on trial.

The well known case of Lawrence v. State, 128 Texas Cr. Rep. 416, 82 S.W. 2d 647, has no application to the case at bar because there was no connection whatsoever shown between the appellant's prior assaults on other duck hunters and his killing of Fisher. This court held such to be proof that the appellant was a bad man generally. Not so in the case at bar. The evidence of the difficulty between Dee and the appellant earlier in the evening was clearly admissible to show the condition of minds of the identical parties who were involved in the homicide that same night.

Aside from this, we are impressed with the thought that the very words spoken by the deceased indicated that he knew there had been trouble between Dee and the appellant and intended to align himself on his uncle's side of the controversy. In fact, we are at a loss to understand the basis for appellant's complaint. The prior difficulty and the deceased's knowledge thereof would appear rather to inure to the benefit of the appellant than to his detriment. Since all the witnesses agreed that Dee and the appellant were not then engaged in any conflict immediately prior to the shooting, it is only their prior troubles and the deceased's knowledge thereof that would lend credence to the appellant's theory that he killed the deceased in self defense.

For example, A and B are walking along in what appears to be a normal manner, and C, who is B's nephew, approaches them and announces to A that henceforward he will be doing B's fighting. A then turns and shoots C. If this is all the jury heard, they might be skeptical of A's claim of self defense. But if they also heard that prior to the shooting A and B had been in difficulty in which guns were involved, they might more readily accept A's statement that he feared that C intended to kill him.

Finding no reversible error, the judgment of the trial court is affirmed.