### Charlie Brown v. The State.

#### No. 2007. Decided November 15, 1899.

**1. Theft of Cattle—Evidence of Contemporaneous Crimes—Charge—Limiting and Restricting.**

On a trial for the theft of one head of cattle, it is not error for the court to fail in the charge to limit and restrict evidence as to the disappearance of other cattle at the same time, where there was no testimony showing that defendant was ever in possession of such other cattle.

**2. Same.**

It is only in cases where evidence as to contemporaneous crimes might tend to exert a wrong, undue, or improper influence upon the jury in their consideration of the main issue upon the trial that the duty devolves upon the court to limit and restrict, in the charge, the purposes of such evidence.

**3. Theft—Charge as to Recent Possession and Reasonable Explanation —When Required.**

On a trial for theft, the essentials necessary to a reasonable explanation of possession, in order to require the court to charge with reference thereto are, (1) there must be possession; (2) there must be explanation; (3) the explanation must be reasonable; (4) it must be exculpatory. In other words, there must be an honest account of possession of the property which excludes the idea of fraud. See opinion for a statement by defendant held not an explanation upon which the court was required to charge.

**4. Improper Argument—Instructions as to—Bill of Exceptions.**

The failure of the court to give a special instruction with regard to improper argument of counsel for the State will not be revised where no bill of exceptions was reserved at the time.

**5. Presumption of Innocence and Burden of Proof—Special Instruction.**

On a trial for theft of cattle, where there was nothing in the case indicating that the burden of proof was sought to be changed and where the court had already charged upon the presumption of innocence and reasonable doubt, it was not error to refuse an instruction upon the same subject, with the addition, "that this presumption continues and remains with defendant throughout the entire case, and under no circumstances does it devolve upon defendant to show that he is not guilty."

Appeal from the District Court of Taylor. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction for theft of cattle; penalty, two years imprisonment in the penitentiary.

The important facts adduced in evidence are sufficiently stated in the opinion.

*Cockrell & Hardwicke,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of the theft of one head of cattle, the property of L. A. Grizzard. The indictment contained two counts; the first charging the ownership and possession in Grizzard, and the second ownership in Grizzard and possession in D. J. Hill and J. W. Red. Hill and Red testified that the Grizzard heifer was running in their pasture, and that it, with two of theirs, disappeared about the same time. Error is assigned on the failure of the court to limit the effect of the testimony of these witnesses in regard to the disappearance of their two animals. As we understand this record, there is no attempt to show that appellant was ever in possession of these two animals. It is testified that appellant put two animals in a certain pen, but at different times, one of which was the Grizzard animal. There is no attempt to prove the ownership of the other in either Red or Hill.

Defendant also assigns error that the court failed to limit the effect of Townsend's testimony as to the yearling heifer which was placed in the pen subsequent to that of Grizzard. Townsend was treated as an accomplice witness, and neither he nor any other witness testified as to the ownership of this animal, or even that it was stolen. Nor is it claimed that this was one of the animals missed by Red and Hill. We do not appreciate how the failure of the court to limit this testimony could have injuriously affected appellant. Nor are we clear to what purpose the court would have limited it. If there is nothing to show the jury were misled by this character of testimony, a charge limiting its effect would not be required; and it is only when the introduction of such testimony might tend to exert a wrong, undue, or improper influence upon the jury in their consideration of the main issue that charges of this character are necessary. If there was danger of appellant being convicted for some other offense than that set out in the indictment, of course it would become the imperative duty of the court to limit such testimony. House v. State, 16 Texas Crim. App., 25; Davidson v. State, 22 Texas Crim. App., 372; Washington v. State, 23 Texas Crim. App., 336; Leeper v. State, 29 Texas Crim. App., 63.

Another contention is that the court erred in not instructing the jury as to the effect of appellant's explanation of his possession of the property. In motion for new trial and in the brief appellant seems to rely upon the statement made by appellant to the alleged accomplice, Townsend. This witness testified as follows in this respect: "When defendant and I reported to the committee our action as committeemen, defendant accounted for the money he received as contributions. I told them that I had gotten one cattle from Mr. Cunningham. The defendant stated that he had bought two cattle,—either that he had got them from the Hahn place, or from some one on the Hahn place. I can't tell exactly which it was he said, but it was either that he got them from the Hahn place, or from some one on the Hahn place. The

officer, Echols, after warning defendant, asked him where he got the
cattle he and Townsend butchered for their emancipation barbecue, and
defendant said he got them from Hahn. Witness then said, 'What do
you mean,—that you got them from old Fred Hahn out here?' Appel-
lant replied, 'Mr. Echols, you are all going to prosecute me, and I have
nothing to say to you.' " This is the evidence bearing upon the question
of his explanation of possession. We understand these are the essentials
necessary in order to require the court to instruct the jury in regard to
a reasonable explanation of recently stolen property, to wit: First, there
must be possession; second, there must be an explanation; third, that
explanation must be reasonable; and, fourth, to be reasonable, it
must be exculpatory. In other words, the reasonable explanation as
applied to possession of recently stolen property means that the party
is giving an honest account of possession of the property, which ex-
cludes the idea of fraud. Now, if this idea is correct, appellant gave
no reasonable explanation. It is true that he said at first that he got
the cattle on the Hahn place, or perhaps from some one on the
Hahn place, but when asked definitely with reference to the Hahn
place, or if he had gotten it from old man Hahn, he emphatically
refused to explain, upon the ground that he was going to be
prosecuted for the theft of the cattle about which it is claimed
he made a reasonable explanation. And when asked with reference
to his account of getting the property from old man Hahn, or on the
Hahn place, he stated in reply to the witness, "Mr. Echols, you are all
going to prosecute me, and I have nothing to say to you." So it will
be seen that he not only did not indorse his statement as to getting
the property at the Hahn place as being a reasonable explanation, but,
when asked with regard to it, he did not himself regard it as a reason-
able or truthful one, and refused to explain, on the ground that he
would be prosecuted for theft. So, we are of opinon that this was not
an explanation. This was not exculpatory. Suppose the court had
given the charge, what would have been its wording? It would hardly
have been proper for the court to say: "Gentlemen of the jury, if you
believe that appellant got the animal on the Hahn place, you will ac-
quit him, unless the State has proven this false." Nor would it have
been any more reasonable for the court to have charged the jury, if he
got it from somebody on the Hahn place, to acquit, unless the expla-
nation had placed somebody in possession of the property in advance
of appellant. The general statement that he got it from somebody
is no explanation at all, and, as shown by the defendant's own state-
ment to the officer Echols, it was not intended, even by him, that it
should be.

The charge of the court as found in the record in regard to circum-
stantial evidence is correct; and so is the charge in regard to accom-
plice testimony.

Appellant reserved a bill of exceptions to the failure of the court to
give a special instruction asked by him in regard to argument made by

counsel for the State, as follows: "That a verdict of not guilty would license thieving, and be an invitation to defendant and others to steal cattle belonging to the jurors and other citizens of the county," etc. The court approves the bill with the explanation that there was no objection at the time, and, further, that he was writing his charge, and did not hear the argument. In order to require the court to review matters of this sort, a bill of exceptions must be reserved at the time; and the explanation of the court shows this was not done. Appellant having accepted the bill in this condition, and as thus presented, the matter will not be revised.

The court was requested to instruct the jury that it devolves upon the State to establish the guilt of defendant by legal evidence beyond a reasonable doubt, and defendant is presumed by the law to be innocent; and that this presumption continues and remains with defendant throughout the entire case, and under no circumstances does it devolve upon defendant to show that he is not guilty. This was refused. The court, however, gave a charge on the law of reasonable doubt and presumption of innocence. Under the facts of this case this was sufficient. There was nothing in the case indicating that the burden of proof was sought to be changed. It was not a question in this case. We have carefully examined the record, and the matters suggested for revision, and are of opinion there was no error committed upon the trial which requires a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]