## JOHN HAWKINS v. THE STATE.

No. 3684. Decided October 13, 1915.

**1.—Robbery—Statement of Facts—Questions and Answers.**

Where the statement of facts is made up by questions and answers, and there is no statement by the judge that this was necessary, and it appears that it was not necessary, the same can not be considered on appeal.

**2.—Same—Burden of Proof—Charge of Court.**

Where, upon trial of robbery, the court charged, among other things, that in all criminal cases, the burden of proof is on the State, the complaint that a requested charge should have been given, which required that the burden is on the State, and never shifts to defendant, was untenable in the absence of a statement of facts.

**3.—Same Argument of Counsel—Minimum Punishment.**

Where, upon trial of robbery with firearms the defendant received the minimum punishment, a complaint to the argument of State's counsel in which harsh and bitter terms were used, while not reversible error in the instant case, was improper, and prosecuting counsel are reminded to remain within the record in their argument.

Appeal from the District Court of San Patricio. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of robbery with firearms; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of argument of counsel: Mooney v. State, recently decided; Branch on Criminal Law, sec. 62; Felder v. State, 59 Texas Crim. Rep., 144, 127 S. W. Rep., 1055.

DAVIDSON, JUDGE.—Appellant was convicted of robbery with firearms, his punishment being assessed at five years confinement in the penitentiary.

The statement of facts is made up by questions and answers. The motion of the Assistant Attorney General to strike out and not consider the evidence will be sustained. Under all the authorities, and under our law, a statement of facts in this condition can not be considered. There is no statement by the judge in approving the statement of facts that this was necessary, and in fact it seems not to have been necessary to so arrange the evidence.

Appellant requested the court to charge the jury that the burden is on the State and never shifts to the defendant. This charge was refused. In the charge of the court this language is found: "In all criminal cases the burden of proof is on the State." Usually this is sufficient, and will be treated so unless there is some peculiarity about the case that will require the court to give the other phase of it, towit: that the burden never shifts to the defendant. There are instances in which the burden is or may be placed on the defendant; but that does not include any case until after the State has made out a case overcoming the presumption of innocence and reasonable doubt. That rule usually applies to special matters like non-age and insanity. We think that the court gave a sufficient charge on this proposition as presented by this record, and especially in the absence of a statement of facts.

The district attorney made some rather vigorous remarks with reference to the negro race, defendant being a negro, and alluded to that race in harsh and bitter terms. Objection was urged to this by appellant's counsel. The bill recites that the court did not stop the district attorney, nor did he charge the jury to disregard the remarks. However that may be, as the record is presented, the defendant received the minimum punishment. The facts may have been overwhelming. The error is not thought to be of such a nature, under the circumstances, as to require a reversal. Had the defendant received a punishment above the minimum, we might have quite a different proposition, and would, in the mind of the writer, have a very serious question in the case. We wish again to admonish the prosecuting officers against such speeches. Such remarks ought not to be permitted, nor ought they to be indulged, and we again request the trial courts to use judicial authority in regard to these matters. They are unnecessary and often lead to reversal of cases when without it such reversal might not occur. Prosecuting officers should confine themselves to legitimate deductions from the facts as they apply to the law of the case. This is enough, and a

conviction secured by means independent of the admitted facts frequently bring about reversals. It is, however, under the circumstances, thought not advisable to reverse this judgment for these improper remarks.

The judgment is ordered to be affirmed.

*Affirmed.*