JOHN WILLIAMS v. THE STATE.

No. 3697. Decided October 20, 1915.

Rehearing denied November 10, 1915.

**1.—Assault to Murder—Cause of Death—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence showed that the alleged injured party lingered some time after being shot by defendant, and that she may have died partly from the operation performed on her the conviction for assault to murder was sustained.

**2.—Same—Sufficiency of the Evidence—Intent of Defendant.**

Where, upon trial of murder and a conviction of assault to murder, the evidence showed that the defendant intended to shoot another, but fired into a room packed with people, in reckless disregard of human life, and hit the party injured, who lingered for some time, and probably died of the effects of the operation performed upon her, a conviction for assault to murder was nevertheless sustained. Following Aiken v. State, 10 Texas Crim. App., 610, and other cases.

**3.—Same—Evidence—Other Transactions—Intent to Kill.**

Upon trial of murder and a conviction of assault to murder, there was no error in admitting testimony of a prior difficulty between defendant and another whom he intended to kill, when he shot and hit the deceased, as this showed the motive to kill. Following Belcher v. State, 71 Texas Crim. Rep., 646, and other cases.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Chas. Ashworth,* for appellant.—On question of admitting evidence of other transactions:   Holland v. State, 55 Texas Crim. Rep., 27; Brown v. State, 54 id., 121; Latham v. State, 39 id., 472; Reyes v. State, 48 id., 346.

*C. C. McDonald,* Assistant Attorney General, for the State. .

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for assault to murder with the penalty assessed at five years in the penitentiary.

It is unnecessary to detail the testimony of the witnesses. As a whole it was sufficient to sustain the verdict, and to show: That on February 21, 1913, appellant, a negro man, and twenty-one others, assembled at the house of one of them to gamble. That they did gamble at least from early in the evening till some time in the night. That in the evening when appellant and Joe Alexander with Chase, were in a game gambling, a disturbance arose between appellant and Alexander about a quarter, when appellant drew his pistol and attempted to shoot Alexander, but Chase overpowered him, prevented the shooting and took his pistol away from him. The gambling proceeded, various games going on between different groups of the negro men. In some, or all the games, all of appellant's money was won from him. He then went for his pistol, got and fired it in the room, the ball striking a negro woman, Estell Neal, who was in the room, passing entirely through her body, severing one of her intestines, and also striking the finger of her husband. In this room, which was only fourteen by sixteen feet, were twenty-two negro men, including appellant, and four negro women, including said Alexander and the others who had won his money. Immediately upon his firing, John Polk, who was right at him, grabbed the pistol and tried to get him to give it to him, but appellant refused. They scuffled over it for some time; appellant at last threw Polk down, wrenched the pistol from him, stating, "You heard them say I done shot this girl, I want to make my get away," and "that he was sorry it was like it was—if he had known it was like it was, it would have all been different." He then fled and made his "get away." It was nearly a year before the officers caught him in a distant county, although they sought for him all the time.

The wounded woman was taken to a hospital, where she was treated, and lingered for some time, and then died. The testimony of the doctor showed that at last an operation was performed on her to cause the severed intestine to join, but his testimony tended to show her death was probably due to this operation, hence for that reason the judge did not submit murder to the jury. There is no complaint whatever of the charge of the court.

Appellant did not testify. His defense was the shot was accidental. The court told the jury, if it was, to acquit. Doubtless his shot was intended for Alexander, or some of the others who had won his money,

or, at least, fired into a room packed with people "in such utter and reckless disregard of human life as showed him to be an enemy to all mankind," and with intent to kill someone, and when he is bound to have known he would strike or kill someone. It was doubtless on this ground he was rightfully and legally convicted. Aiken v. State, 10 Texas Crim. App., 610, and authorities therein cited; Lopez v. State, 2 Texas Crim. App., 204.

Appellant contends the evidence was insufficient to sustain the verdict. We think it was sufficient. He also contends it was error to admit evidence of said difficulty between him and Alexander. We think this was admissible to show his state of mind and his motive. McKinney v. State, 8 Texas Crim. App., 626 et seq.; Blackwell v. State, 29 Texas Crim. App., 194; Wh. Ann. C. C. P., secs. 1072 and 1070; Belcher v. State, 71 Texas Crim. Rep., 646. No other questions are raised.

The judgment is affirmed.

[Rehearing denied November 10, 1915.—Reporter.]

*Affirmed.*