**Rudy CHAPPA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35389.

Court of Criminal Appeals of Texas.

March 6, 1963.

Rehearing Denied April 10, 1963.

William C. McDonald, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of marijuana; the punishment, 12 years.

Officer Jaimes of the San Angelo police testified that at approximately 8:30 P.M. on the night in question he had an occasion to see appellant and one Pedro Gonzales at the Blue Diamond Bar, that Gonzales was searched and 21 marijuana cigarettes were found on his person. For some reason not disclosed by this record, appellant was not searched; however, an informant took the officers to a house on Powell Street, which bore the number 807 in bold numerals on a pillar of the front porch, and pointed it out to them as belonging to appellant. Armed with this information, the officers secured a search warrant and returned to the house in question. Being unable to arouse anyone, they searched the premises about the house. They found three marijuana stalks in a trash can which appeared to be fresh, three growing marijuana plants in a damp flower bed free from weeds, one growing plant in another flower bed, and still another near a rose bush. All of these plants were within the enclosure of the house in question and were shown by the testimony of an expert to be marijuana plants approximately a month old.

While the State is not to be commended upon the manner in which they proved that appellant resided in the house in question, we do find that his father-in-law, upon being recalled by the State, testified that appellant had lived in the house in question for "around two years" and that he had frequently visited appellant at such address.

 Appellant next complains of the legality of the search. When such objection was first made, the record reveals that the warrant was handed to counsel and he elicited the information from the officers that, while the number 807 on the porch pillar only was visible from the street, a closer inspection of the front door revealed the number 708 which had been painted over. Reliance is had upon Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297, where we observed that the record failed to reveal that the search warrant was ever produced. Such is not the case at bar because the warrant appears as a part of the statement of facts preceding the approval of counsel. As to the discrepancy in the numbers, the case of Ervin v. State, 165 Tex.Cr. R. 391, 307 S.W.2d 955, though not cited, should be discussed. In that case, the warrant called for a search of a house located at 611 Ute Street. The house searched bore no number, and the property which should have borne such address was a vacant lot. Erwin was reversed, but here we have a house with two numbers, one clearly visible from the street and which appears in the search warrant, and another less visible and which had been painted over. The officers were not required to make further inquiry when one number was clearly visible. The picture which accompanies the record graphically illustrates the soundness of this conclusion. We find no defect in the warrant.

Appellant objected to the charge because the court failed to instruct the jury that the burden of proof never shifts from the State to the defendant. In Hawkins v. State, 179 S.W. 448, 77 Tex.Cr.R. 520, this Court held that the charge such as we have in the case at bar; i. e., "In all criminal cases the burden of proof is on the state," is sufficient except in most unusual cases. Appellant has pointed out no reason to so classify the case at bar.

We have examined the bills of exception to the prosecutor's argument and have concluded that they do not reflect an indirect reference to appellant's failure to testify and do not constitute reversible error.

Finding the evidence sufficient to sustain the verdict, the judgment of the trial court is affirmed.