OPINION

**Richard Allen TODD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41594.**

Court of Criminal Appeals of Texas.

Nov. 20, 1968.

Robert T. Ryan, Jr., of Knetsch & Schraub, Seguin, for appellant.

E. W. Patterson, Dist. Atty., Gonzales, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is felony theft of golf clubs; the punishment, three years.

Trial was before the court, a jury being waived.

The sole ground of error is the contention that the state failed to present sufficient evidence to corroborate its accomplice witness.

The state's evidence reflects that the Clubhouse at Max Starcke Park, in Seguin, was burglarized and golf clubs, of the value of $200.00, and other property including a rifle belonging to W. A. Stackhouse were removed.

The stolen golf clubs were found in an automobile that was pursued by Seguin police officers from which the two occupants fled. One of them, the accomplice witness James C. Washington, pleaded guilty to the theft and thereafter testified as a witness for the state at appellant's trial. His testimony was to the effect that appellant participated in the burglary and theft, and was the driver of the car which was pursued by the officers.

The accomplice witness further testified that when they stopped the car appellant got out and ran and the officers were unable to catch him at that time.

Seguin Police Sergeant Zoboroski, a witness for the state, testified that Washington (the accomplice witness) was taken into custody and pointed out where he and appellant had hidden part of the property taken from the Clubhouse; that later in the afternoon appellant came to the police station and told him that he was turning himself in for the burglary of the Clubhouse; that he claimed the car and it was released to him.

Sgt. Zoboroski further testified that he had seen appellant driving the automobile in which the golf equipment was found before and after the night he chased it.

Officer De la Garza testified that he participated in the chase of the automobile and saw two colored men in the car, one of whom was Washington who was on the passenger side.

Testimony was elicited from Carlena Washington, step-mother of the accomplice witness and aunt of appellant, that neither of them was living with her at the time; that appellant came to her house before his arrest and that she called the police station to find out about his car.

Mrs. Washington further testified that she found the rifle (afterwards identified by the owner Stackhouse) in a closet in her home and, upon learning that it did not belong to her husband, took it to the police station and gave it to Officer Zoboroski.

The rule as to accomplice testimony and its sufficiency is set out in Art. 38.14 Vernon's Ann.C.C.P. and in the recent cases of Chavira v. State, 167 Tex.Cr.R. 197, 319 S.W.2d 115; and Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319, cited by appellant.

█ The evidence other than the testimony of the co-indictee Washington tends to connect appellant with the theft and is deemed sufficient to corroborate the testimony of the accomplice Washington. See Edwards v. State, Tex.Cr.App., 427 S.W.2d 629; Bird v. State, Tex.Cr.App., 423 S.W.2d 919; Horne v. State, Tex.Cr.App., 434 S.W.2d 366.

The record reflects that the trial judge assessed the punishment at three years in the penitentiary but the judgment recites that the punishment was "for a term of not less than two (2) years, nor more than three (3) years." The sentence is defective for like reason.

█ The record reflecting the punishment that was actually assessed, the judgment and sentence are reformed so as to reflect that the punishment was assessed at three years, and that appellant was sentenced to serve not less than two years nor more than three years in the Texas Department of Corrections.

As reformed, the judgment is affirmed.