

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 19, 2013

The Honorable Noble D. Walker, Jr.
Hunt County District Attorney
Post Office Box 441
Greenville, Texas 75403-0441

The Honorable Joel Littlefield
Hunt County Attorney
Post Office Box 1097
Greenville, Texas 75403-1097

Opinion No. GA-0991

Re: Whether a district judge may prohibit the director of a community supervision department from delegating his duties with regard to presentence investigations (RQ-1089-GA)

Dear Mr. Walker and Mr. Littlefield:

You present five questions about the authority of a district judge over the operations of the Hunt County Community and Supervisions Department:[1]

> 1. Does a district judge have the legal authority to order the director of the Department to personally conduct a presentence investigation pursuant to Article 42.12, Section 9 of the Texas Code of Criminal Procedure?
>
> 2. Does a district judge have the legal authority to prohibit the Director of the Department from delegating any responsibilities for the preparation and presentment of a presentence investigation report?
>
> 3. Does a district judge have the legal authority to require the Director of the Department to request permission and receive approval from said judge to delegate the activity involved in the preparation and presentment of a presentence investigation report?

---

[1]Letter from Hon. Noble D. Walker, Jr., Dist. Att'y, & Hon. Joel Littlefield, Cnty. Att'y, to Hon. Greg Abbott, Tex. Att'y Gen. at 2–3 (Oct. 1, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

4. Does a district judge have the legal authority to require the Director of the Department to appear in court for the purpose of presenting an ordered presentence investigation report?

5. May a district judge order a specifically named supervision officer employed by the Department to conduct a presentence investigation, thereby overriding the statutory authority of the Director to delegate the responsibility of preparing the presentence investigation report and the statutory limitations imposed upon a district judge with regard to Department personnel?

Request Letter at 2–3.  Your questions implicate article 42.12 of the Code of Criminal Procedure and chapter 76 of the Government Code.  Where we can, we consider related questions together.

A presentence investigation report is required by article 42.12, section 9 of the Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (West Supp. 2012).  Article 42.12 is the state's community supervision, or probation, statute.  *See id.* art. 42.12, §§ 1–24 (entitled "Community Supervision").  Article 42.12, section 9 provides, with some specified exceptions, that before the imposition of sentence by a judge in a felony case or a misdemeanor case

the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.

*Id.* § 9(a), *see also id.* § 9(b), (g) (specifying exceptions).  Section 9 expressly provides that the court "shall direct a supervision officer" to report to the judge.  *See id.* § 9(a).  A "supervision officer" is "a person appointed or employed under Section 76.004, Government Code, to supervise defendants placed on community supervision."  *Id.* § 2(3).

Chapter 76 of the Government Code governs Community Supervision and Corrections Departments ("CSCD" or "department").  TEX. GOV'T CODE ANN. §§ 76.001–.018 (West 2005 & Supp. 2012).  It provides for the appointment of a CSCD director who "shall perform or delegate the responsibility for" performing enumerated duties, which include "overseeing the daily operations of the department."  *Id.* § 76.004(a), (a-1)(1) (West Supp. 2012).  Section 76.004, referred to by article 42.12, section 9, provides for the employment of supervision officers to conduct, among other things, presentence investigations.  *Id.* § 76.004(b).  Section 76.004 also provides that the CSCD director employs department personnel and expressly states that a "person employed [under subsection 76.004(b)] is an employee of the department and not of the judges or judicial districts."  *Id.* § 76.004(b).  In addition, chapter 76 provides that the

responsibility of the appointing judges "for personnel decisions is limited to the appointment of a department director and a fiscal officer." *Id.* § 76.0045(a).

Relevant to your first and fourth questions, you tell us that the director of the department "does not perform the functions of a supervision officer in that the director does not supervise persons placed on probation." Request Letter at 4. Given that fact, the director here is not a "supervision officer" under article 42.12. Because the director is not a supervision officer, the district judge's authority under article 42.12, section 9(a), to "direct a supervision officer" to prepare the presentence investigation report does not include the authority to require this director to prepare a presentence investigation report. Accordingly, in answer to these questions, a district judge does not have authority to order the director of the department who does not supervise defendants placed on community supervision to personally conduct a presentence investigation report. Nor does a district judge have authority to order such a director to personally appear in court to present the ordered presentence investigation report.

Your second and third questions relate to a director's authority to delegate the duties that article 42.12, section 9(a) imposes. Request Letter at 2. We first note that article 42.12, section 9(a) does not impose any duties on the director. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (West Supp. 2012). Instead, it imposes a duty on "a supervision officer" to include in the report a description of certain information about the defendant and the offense. *Id.* § 9(a). Section 76.004 of the Government Code authorizes a director to delegate six duties, none of which is a duty that article 42.12 expressly imposes on a judge or supervision officer. TEX. GOV'T CODE ANN. § 76.004(a-1) (West Supp. 2012). Thus, a director would not have the authority to delegate duties that are assigned to someone else under article 42.12, section 9(a). A director would, however, have the authority to delegate duties that are not assigned to someone else under article 42.12, section 9(a), and that are assigned to him under section 76.004. Presumably, article 42.12, section 9(a), does not list all of the duties involved in the preparation and presentation of a presentence investigation report. Likewise, the responsibility for "overseeing the daily operations of the department" could include decisions involving the preparation and presentment of a report. *See id.* § 76.004(a-1)(1). Therefore, in answer to your second and third questions, a director may delegate report preparation and presentation duties that article 42.12, section 9(a), does not specifically impose on someone else.

We turn to your last question. Article 42.12, section 9(a) authorizes a judge to "direct a supervision officer" to make the report. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (West Supp. 2012). The indefinite article "a" means "any," and without more, could be construed broadly to authorize a judge to order any of the supervision officers, including a particular one, to prepare the report. *See* Tex. Att'y Gen. Op. No. GA-0694 (2009) at 1–2 (noting the indefinite article "a" means "any") (citing *Chavira v. State*, 319 S.W.2d 115, 120 (Tex. Crim. App. 1958)). But as we have already noted, with the exception of the department director and fiscal officer, chapter 76 limits the involvement of a district judge over personnel decisions in the department. In addition, other provisions of article 42.12 suggest that the Legislature knows how to specifically identify personnel whom a judge may direct. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 9(h) (West Supp. 2012) ("judge shall direct a supervision officer approved by the

community supervision and corrections department or the judge . . . to conduct an evaluation"); 18(d) ("As directed by the judge, the community corrections facility director shall file . . . a copy of [the] evaluation . . . ."); *see also* Tex. Att'y Gen. Op. No. GA-0880 (2011) at 2 n.3 (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) for the proposition that the Legislature knows how to enact a law effectuating its intent). For these reasons, a district judge likely is not authorized to order a specifically named supervision officer to conduct a presentence investigation report.

## S U M M A R Y

Under article 42.12, section 9(a) of the Code of Criminal Procedure, a district judge does not have authority to order the director of a community supervisions and corrections department ("director") who does not supervise defendants placed on community supervision to personally conduct a presentence investigation report. Nor does a district judge have authority to order such a director to personally appear in court to present the ordered presentence investigation report.

A director may delegate report preparation and presentation duties that article 42.12, section 9(a), does not specifically impose on someone else.

Finally, a district judge likely is not authorized to order a specifically named supervision officer to conduct a presentence investigation report.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee