ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 10, 2014

The Honorable Renee Ann Mueller
Washington County Attorney
100 East Main, Suite 200
Brenham, Texas 77833

Opinion No. GA-1042

Re: Calculating the minimum salary of a county court at law judge under Government Code section 25.0005 (RQ-1146-GA)

Dear Ms. Mueller:

You ask about the proper calculation of the minimum salary of a statutory county court at law judge under Government Code subsection 25.0005(a).[1] Subsection 25.0005(a) provides that a statutory county court judge who does not engage in the private practice of law[2] "shall be paid a total annual salary set by the commissioners court at an amount that is not less than $1,000 less than the total annual salary received by a district judge in the county." TEX. GOV'T CODE ANN. § 25.0005(a) (West Supp. 2013). The "total annual salary" of a district judge or a statutory county court judge "includes contributions and supplements, paid by the state or a county," other than contributions to compensate a presiding judge. *Id.*

You explain that Washington County is part of a four-county judicial district that also includes Bastrop, Burleson, and Lee counties. Request Letter at 1. You further explain that there are two district judges who serve the district. *Id.*; *see* TEX. GOV'T CODE ANN. §§ 24.122 (West 2004) (establishing the 21st Judicial District), .481 (establishing the 335th Judicial District). You state that both Burleson and Lee counties provide supplements to the district judges' salaries, but Washington County does not. Request Letter at 1; *see generally* TEX. GOV'T CODE ANN. §§ 24.025(a) (West Supp. 2013) (providing that all district judges in a county are entitled to equal amounts of supplemental compensation from the county). Thus, for purposes of determining the minimum salary of the Washington County court at law judge under subsection 25.0005(a), your question is whether the calculation of the "total annual salary received by a district judge in the county" should include supplements from counties in the

---

[1]Letter from Honorable Renee Ann Mueller, Washington Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 19, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]You do not indicate that the Washington County court at law judge engages in the private practice of law.

district that the statutory county court judge does not serve. *See* Request Letter at 1; TEX. GOV'T CODE ANN. § 25.0005(a) (West Supp. 2013).

When construing a statute, our primary goal is to determine and give effect to the Legislature's intent as expressed by "the plain meaning of the words chosen." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). Words are construed according to their common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). First, nothing in the language of section 25.0005 indicates that it is not fully applicable to counties served by multi-county judicial districts. *See id.* § 25.0005 (West Supp. 2013). The phrase "total annual salary received by a district judge in the county" thus includes salaries received by district judges that serve multi-county districts. *Id.* § 25.0005(a).

Second, as used in the phrase "paid by the state or *a* county," *id.* (emphasis added), the "word 'a' is synonymous with the word 'any.'" *Chavira v. State*, 319 S.W.2d 115, 120 (Tex. Crim. App. 1958). That is, the "total annual salary" of a district or statutory county court judge under subsection 25.0005(a) includes contributions and supplements paid by *any* county. *See* TEX. GOV'T CODE ANN. § 25.0005(a) (West Supp. 2013). Subsection 25.0005(a) does not limit the contributions and supplements that must be included in the calculation of a district judge's "total annual salary" to one particular county. *See id.* Nor does it limit the "total annual salary" of a statutory county court judge to include only the contributions and supplements received by a district judge from the county in which the statutory county court judge serves. *Id.* Therefore, in determining the minimum salary of a statutory county court judge under subsection 25.0005(a), the "total annual salary received by a district judge in the county" includes contributions and supplements paid to the district judge by any county, including any county within a multi-county district in which the statutory county court judge does not serve. *Id.*

## S U M M A R Y

In determining the minimum salary of a statutory county court judge under Government Code subsection 25.0005(a), the "total annual salary received by a district judge in the county" includes contributions and supplements paid by any county, including any county within a multi-county district in which the statutory county court judge does not serve.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee