Carlos Alcoser **OCHOA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38293.

Court of Criminal Appeals of Texas.

June 9, 1965.

Rehearing Denied Oct. 20, 1965.

Garland Wier, San Antonio, James C. Onion (On Appeal Only), San Antonio, for appellant.

James E. Barlow, Dist. Atty., Teodoro Arevalo, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, five days in jail and a fine of $50.

It was undisputed that on the night of September 15, 1963, appellant was stopped and arrested by highway patrolmen B. C. Johnson and John Newding while driving his automobile upon U. S. Highway 87, in Bexar County.

At the trial, both patrolmen testified that they stopped appellant after observing his automobile weaving on the highway and fixed the time of his arrest at approximately 9:50 p. m. Each expressed the opinion that at such time appellant was intoxicated.

Appellant admitted having consumed "four or five beers" but denied that he was drunk.

While testifying as a witness, patrolman Johnson stated that after appellant was taken to jail he gave a sample of urine, which was placed in a tube and sealed with a label bearing the subject's name, the witness's name and the time the sample was obtained. The tube was placed in a container, which was then sealed with a label bearing the name and return address of the witness. He stated that the next day he mailed the container to Austin, by putting it in a mailbox, addressed to Box 4087, North Austin Station.

Chemist and toxicologist Leslie C. Smith, of the Department of Public Safety in Austin, testified that on October 1, 1963, he received through the United States mail a package identified as state's exhibit #1. The package was a cylindrical container postmarked September 29, at San Antonio, Texas, and addressed:

"TO—
"Texas Department of Public Safety
"Chemical Laboratory
"Box 4143 North Austin Station
"Austin 51, Texas

"From B. C. Johnson THP
"722 Rayburn Dr.
"San Antonio, Tex."

Chemist Smith testified that he opened the package by breaking the seal, and removed therefrom a sealed tube, which was identified as state's exhibit #2. The tube bore the following notations:

"Name of Subject  Carlos Alcoser Ochoa
"Place of Arrest  2½ Mi E-S-A- US-87
"Time of Arrest  9:50 P.M.  Date 9-15-63
"Sample Taken by  B. C. Johnson
"Title Patrolman #283  Time Sample taken 10:10 P.M.
"Officer's Signature  B. C. Johnson"

Over appellant's objection that a proper predicate had not been laid because the chain of custody was not established, the two exhibits were admitted in evidence and chemist Smith was permitted to testify that an analysis which he made of the contents of the tube showed that the liquid therein contained 0.38 percent alcohol, which would be equal to 0.30 percent alcohol in the blood and that any person with such amount in the blood would be intoxicated.

Appellant's sole claim of error is the court's action in admitting the two exhibits in evidence and permitting the chemist to testify relative to the results of his analysis of the urine specimen.

It is appellant's contention that because officer Johnson was not asked to identify state's exhibits #1 and #2 as the ones he mailed to Austin on September 16, or asked to identify the urine specimen introduced in evidence (exhibit #2) as the one given by

appellant, the chain of custody was not shown and his objection to the evidence should have been sustained. He also points to the discrepancy in the record between the officer's testimony that he mailed the container in San Antonio on September 16, addressed to Box 4087, North Austin Station, and the postmark of September 29 on the container received at the department in Austin, addressed to Box 4143, North Austin Station.

While officer Johnson was not asked to identify the two exhibits at the trial, his testimony shows that he did mail a container to the department in Austin which contained the urine specimen given by appellant. His testimony further shows that the tube which contained the specimen was labeled with both his name and that of appellant and the time the sample was obtained. The two exhibits received by the chemist in Austin contained this information as well as the return address of officer Johnson. Under the record, we hold that the chain of custody was sufficiently established and the court did not err in admitting the two exhibits in evidence and permitting the chemist's testimony. We do not agree that the discrepancy in the record as to the box number of the addressee and the date the exhibits were mailed rendered the same incomplete. In Tonnan v. State, 171 Tex. Cr.R. 570, 352 S.W.2d 272, it was held that a discrepancy as to the postmark on a container mailed to the Department of Public Safety did not render the chain of custody incomplete.

Brown v. State, 240 S.W.2d 310, cited by appellant, is not here applicable, because in that case there was no proof that the blood sample mailed to the department in Austin was the accused's blood. Here, officer Johnson swore positively that the sample he mailed to Austin was the urine specimen of appellant.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.